## No. 658

JANKOWSKI et v. FITZSIMMONS et

No. 19887. Supreme Court

On motion to certify. Dock. June 11, 1926. 4 Abs. 393.

542. FORECLOSURE—Where a mortgagee has filed an answer and cross petition in a foreclosure suit brought by the holders of a judgment lien, is it necessary that the wife of the owner of an equity of redemption in the subject property be named a party, and service of summons obtained on her on the cross petition?

Wladyslaw Jankowski and his wife brought this action originally in the Cuyahoga Common Pleas against Mamie Sankus, Sam B. Fitzsimmons and The Union Trust Company et. to set aside a sheriff sale and declare certain conveyances to be void.

It appears that one Peter Kucinsky and his wife executed a mortgage to the Union Trust Co. to secure a loan of $4000 on certain property and that subsequently one Wladyslaw Jankowski purchased an undivided one-half interest in said property and thereupon assumed the mortgage. Later Mamie Sankus recovered a judgment of $7500 against Jankowski by virtue of which a levy was made on the property purchased; but during the pendency of this action Jankowski conveyed his interest to his wife.

Sankus then filed a suit to set aside the deed on the ground that it was given to de-

fraud her, naming the Union Trust Co. as a party defendant. Thereupon the Company filed an answer and cross petition but did not name Mrs. Jankowski nor was summons served upon her under the cross petition nor did she waive service or enter her appearance. Mr. Jankowski thereupon, during the pendency of the suit to set aside the deed, filed an action to vacate the judgment obtained against him by Sankus in which case a remittitur of $5,250 was agreed upon. In the action to set aside the deed an entry was approved which showed said remittitur and the foreclosure of the equity of redemption was ordered.

The property was advertised as being located in Lakewood whereas in fact it was situated in Cleveland and Sam B. Fitzsimmons a party defendant herein purchased the property and subsequently reconveyed it to others. The Jankowskis were ordered to vacate the premises and a check for $1214 was tendered Mrs. Jankowski by the sheriff which she refused to accept. The purpose of this suit was to set aside the sheriff sale and the subsequent conveyances.

The Common Pleas rendered a decree in favor of the plaintiffs which decree was reversed on appeal by the Court of Appeals. Jankowski in the Supreme Court contends:

1. That in the suit by Sankus to set aside the conveyance to Mrs. Jankowski the court could not order the sale of the property and that therefore all orders made therein are void.

2. That because Mrs. Jankowski was not served with summons on the cross petition of the Trust Company her interest in said premises could not be sold.

3. That Sankus did not name Mrs. Jankowski as a party defendant and prayed for no relief from her interest in the property and that therefore said property could not be sold to satisfy the judgment.

Attorneys—F. E. Bruml, for Jankowski; W. H. Munson, Wilkin, Cross & Daoust, for Fitzsimmons; all of Cleveland.